UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | NO. 2:10-CR-00110-RLJ |
| | ) | NO. 2:13-CV-171 |
| vs. | ) | |
| | ) | |
| ANDRES LINARES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant has filed a motion to vacate, set aside or correct his sentence [Doc. 1101]. The United States has filed a response, objecting to the requested relief [Doc. 1106]. The matter is now ripe for disposition.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On January 11, 2011, the Grand Jury returned a superseding indictment charging Defendant, along with 35 others, with participating in a conspiracy to distribute more than five (5) kilograms of mixture and substance containing a detectable amount of cocaine, a Schedule II, controlled substance, and a conspiracy to distribute more than 100 kilograms or more of marijuana both in violation of 21 U.S.C. § 841(a)(1). He was also charged in two substantive counts of distributing those controlled substances. [Doc. 214]. On September 30, 2011, Defendant entered a plea agreement in which he agreed to plead guilty to a conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, which exposed him to a statutory minimum mandatory term of imprisonment of ten (10) years. See 21 U.S.C. § 841(b)(1)(A). The plea agreement contains an extensive recitation of Title III intercepted telephone conversations between Defendant and his co-conspirators showing an

1

extensive distribution network involving cocaine and marijuana, which involved hundreds of thousands of dollars. [Doc. 578, pg. 2-14]. On November 1, 2011, Defendant appeared before the District Court and entered his plea.

At the guilty plea hearing, the District Court asked Defendant whether he understood what he was pleading to. He responded by saying "I was told the minimum was ten years." [Doc. 1104, pg. 12]. The Assistant United States Attorney reiterated this to the Defendant by advising him he was facing "a minimum mandatory term of imprisonment of ten years and up to life…." [Doc. 1104, pg. 14].

The Presentence Report calculated Defendant's advisory guideline range as 121-151 months, with a statutory minimum mandatory term of imprisonment of 120 months. The PSR increased his guideline range by three (3) levels because it found that Defendant's role in the offense was as a "manager or supervisor" and that the criminal activity involved five or more participants or was otherwise extensive. See U.S.S.G. § 3B1.1(b). The PSR then reduced his offense level by three levels for acceptance of responsibility, ending with an offense level of 32 and a criminal history category of I.

Defendant submitted two objections to the PSR. First, he objected to the PSR increasing Defendant's offense level by three levels for his role in the offense pursuant to U.S.S.G. § 3B1.1(b). Second, he objected to the failure of the PSR to apply the Safety Valve provisions of 18 U.S.C. § 3553(f)(1-5) and U.S.S.G. § 5C1.2. The United States also objected to the PSR not enhancing Defendant's guideline range for obstruction of justice.[1]

At sentencing, the District Court conducted an evidentiary hearing on both parties' objections. The United States called the special agent for the FBI to testify about the facts

---

[1] The United States sought to increase Defendant's offense level for his fleeing the scene of a traffic stop, taking with him a substantial amount of drug proceeds.

relative to the objections raised. The agent testified that Tomas Estrada Sarabia ("Sarabia") operated a drug trafficking organization that spanned from the Tri-Cities to Hamblen County and into Knox County and involved the distribution of, on average, two kilograms of cocaine a month. The agent indicated there were 36 defendants indicted for their involvement in this drug enterprise, including Defendant, and over 40 other individuals who were involved but were not indicted. He indicated that Defendant's place in the conspiracy was the supplier to Sarabia. [Doc. 1105, pg. 6].

The agent testified that a Title III wiretap of Defendant's phone revealed that Defendant had an associate, Mr. Valiente, ("Valiente"), who would accompany him to many of the meetings Defendant had with Sarabia to collect money or distribute narcotics. Defendant provided direction to Valiente in the distribution of cocaine and instructed him to take care of Sarabia's demand for additional narcotics in case of Defendant's absence. He also testified to Defendant's extensive involvement in overseeing the distribution of cocaine in East Tennessee.

After taking proof, the District Court first addressed Defendant's role enhancement objection under U.S.S.G. § 3B1.1(b) for being a "manager or supervisor." The District Court found the criminal activity to be extensive based on the fact that 36 defendants were charged and 40 were unindicted. [Doc. 1105, pg. 53]. The Court examined the agreed factual basis contained in the plea agreement and recounted numerous incidences where Defendant exercised a managerial role in this extensive narcotics conspiracy. *Id.* at pg. 54-57. The District Court specifically found that "the Defendant was significantly involved in the planning and organizing an extensive drug distribution network in this case….The Defendant's offense level is properly increased by three for being a manager or supervisor…." [Doc. 57-58]. This ruling mooted Defendant's second objection regarding the application of the safety valve. The Court noted that

3

"because of the upward role adjustment the Defendant is not safety valve eligible," citing U.S.S.G. § 5C1.2(a)(4).[2] The District Court also overruled the United States' objection to the PSR for not enhancing Defendant's guideline range for obstruction of justice. [Doc. 1105, pg. 60]. On June 21, 2012, Defendant was sentenced to 124 months imprisonment. [Doc. 1001, *Minute Entry*]. The judgment was entered on July 5, 2012 [Doc. 1020].

On June 21, 2013, Defendant filed the present Motion to vacate under 28 U.S.C. § 2255. [Doc. 1101]. Defendant alleges in his motion a number of grounds of ineffective assistance of counsel. First, he alleges that he specifically instructed his attorney to appeal the sentence and his counsel did not. Second, he claims his counsel was ineffective for failing to argue that Defendant qualified for a minor role adjustment. Third, he argues that his counsel was ineffective for failing to argue for the application of the safety valve, claiming that he had never before been arrested and that he "was willing to do anything for a safety valve reduction." [Doc. 1101, pg. 4]. Fourth, he insists that his counsel misrepresented his sentence, claiming his attorney advised him his sentencing exposure under the guidelines was 87-108 months, but he actually received a 124 month sentence.

## II. STANDARD OF REVIEW

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

---

[2] To be eligible for the application of the "Safety Valve" found in U.S.S.G. § 5C1.2, the defendant cannot be an "organizer, leader, manager, or supervisor of others in the offense…." Because the District Court found that he was, the safety valve did not apply.

4

Relief under § 2255 is limited to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[ ] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 349, 354 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. See *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing counsel's performance, a court must presume that counsel's questioned actions might have been sound strategic decisions and must evaluate the alleged errors or omissions from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Id*. at 689. Only when the challenged actions are "outside the range of professionally competent assistance" will counsel's performance be considered constitutionally deficient. *Id*. at 690.

To warrant relief for a non-constitutional error, Defendant must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

5

In order to obtain collateral relief under § 2255, a Defendant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

## III. ANALYSIS

### A. Ground One - Defendant's instruction to counsel to file an appeal

Defendant contends that he instructed his attorney to file an appeal. "I told my attorney to appeal…." [Doc. 1101, pg. 3]. In response to that allegation, the United States has attached the affidavit of his prior counsel which claims that Defendant never instructed him to appeal. It cites to the fact that Defendant did not appeal, but instead timely filed this § 2255 motion.

If an attorney fails to file an appeal after being specifically instructed to do so by a defendant, the defendant is entitled to an appeal without regard to a showing that the appeal would actually have merit, that is, without regard to a showing of actual prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); accord *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Absent proof that a Defendant explicitly directed counsel to file a notice of appeal, a court considers whether the attorney "consulted with [petitioner] about an appeal" and made "a reasonable effort to discover [his] wishes." *Flores-Ortega*, 528 U.S. at 478, 487. In this particular case, the United States argues that Defendant has failed to allege that he directed his attorney to file an appeal. But Defendant specifically states in his motion that "I told my attorney to appeal, but he said that if I appeal that I would get more time." [Doc. 1101, pg. 3].

Both components of the Strickland test apply where the asserted attorney error is the failure to file an appeal. *Flores-Ortega*, 528 U.S. at 477. In assessing the claimed error in light of the deficient-performance prong of the Strickland standard, the Supreme Court has instructed:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340

6

> (1969); cf. *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Id*. Thus, an attorney who ignores his client's explicit direction to file an appeal has rendered an inferior and deficient performance. However, "a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*.; see also *Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

The United States asks this Court to credit counsel's affidavit which contradicts the assertions made by Defendant. Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine – after a review of the answer and the records of the case – whether an evidentiary hearing is required. A hearing is not required where the record conclusively shows that the Defendant is entitled to no relief, such as where "the Defendant's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts [.]" *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). A defendant may, however, be entitled to an evidentiary hearing when he presents "a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict

7

it[.]" *Huff*, 734 F.3d at 607 (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (internal quotation marks omitted)).

Because Defendant's allegations and counsel's affidavit present competing factual accounts, this Court has discretion to conduct an evidentiary hearing to assess the credibility of the respective parties. E.g., *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (suggesting that, with certain exceptions, evidentiary hearings are mandatory where "a factual dispute arises" in a § 2255 proceeding). At this time, the Court cannot conclusively determine that Defendant is not entitled to relief, as it lacks sufficient evidence to determine whether counsel failed to file a notice of appeal on Defendant's behalf. See e.g., *Borders v. United States*, No. 11-3402, 2012 U.S. App. LEXIS 26850, at *5 (6th Cir. June 13, 2012) (explaining "district court should have held an evidentiary hearing" where record suggests that the defendant might have instructed his attorney ... to file a direct appeal"). Accordingly, the Court will conduct an evidentiary hearing to determine whether Defendant timely directed his attorney to file a notice of appeal on his behalf.

### B. Ground Two – Defendant's claim that his counsel failed to argue for a minor role adjustment

Defendant alleges that he received ineffective assistance because his counsel failed to argue for a minor role adjustment. Indeed, U.S.S.G. § 3B1.2 provides for a reduction in the offense level if the defendant was either a minimal or minor participant in the criminal activity. But the PSR found that Defendant's role in the offense was not neutral, but as a manager or supervisor. In fact, the District Court, after taking proof at the sentencing hearing, specifically found Defendant was a "manager or supervisor" in the criminal activity that involved five or more participants or was otherwise extensive. See U.S.S.G. § 3B1.1. Defendant's counsel fought for Defendant on this issue.

While it is true Defendant's counsel did not argue for a minor role adjustment, his failure to do so is not ineffective assistance of counsel under these facts. Indeed, it would have been pointless for Defendant's counsel to make such an argument. To be sure, one cannot qualify for both an aggravating role and a mitigating role in the same criminal activity. They are mutually exclusive by their own terms. That the District Court found Defendant to be a manager or supervisor *ipso facto* excludes a finding that Defendant had a minor role in the offense. It would be frivolous. Failure to raise a meritless argument does not constitute ineffective assistance of counsel. See, e.g., *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."). His claim is without merit.

### C. Ground Three – Defendant's claim that his counsel failed to argue for the application of the Safety Valve

Defendant also alleges that his counsel was ineffective for failing to argue for the application of the safety valve. To be eligible for the safety valve, the defendant cannot be "an organizer, leader, manager, or supervisor of others in the offense." U.S.S.G. 5C1.2(a)(4); *see also* 18 U.S.C. § 3553(f)(4). In this case, that is precisely what the District Court found Defendant to be. Because Defendant was a manager or supervisor, he was not eligible for a safety valve reduction. His claim is without merit.

### D. Ground Four – Defendant's claim that his counsel misrepresented Defendant's sentencing exposure

Defendant finally claims that his counsel misrepresented what his sentence would be. He claims his attorney advised him his sentencing exposure under the guidelines was 87-108 months, but he actually received a 124 month sentence. Interestingly, his claim in this instance is contradicted by his own testimony before the District Court. At the guilty plea hearing, the

9

District Court asked Defendant whether he understood what he was pleading to. He responded by saying "I was told the minimum was ten years." [Doc. 1104, pg. 12]. The Assistant United States Attorney also advised Defendant that he was facing "a minimum mandatory term of imprisonment of ten years and up to life…." [Doc. 1104, pg. 14]. His claim is without merit.

## IV. CONCLUSION

The Court finds that an evidentiary hearing is necessary to resolve the credibility dispute regarding whether Defendant instructed his counsel to file an appeal. Defendant is entitled to counsel at such a hearing. Accordingly, the Court hereby APPOINTS ANGELA MORELOCK, Esq., a member of the CJA Panel, to serve as counsel for Defendant under the provisions of the CJA Act, 18 U.S.C. § 3006A, as the Court finds Defendant financially qualified for the appointment of counsel based on his affidavit filed in the initial criminal proceedings. The Court notes that the only claim relevant at the evidentiary hearing is whether Defendant specifically instructed his counsel to file an appeal. All the remaining issues have been addressed by the Court in this Memorandum and Order.

SO ORDERED:

s/Leon Jordan
United States District Judge